IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA

Alexandria Division

POTOMAC ELECTRIC POWER )
COMPANY, ET AL. )
 )
    Appellants )
        v. )
 ) 1:06cv1464, 1465, 1466(JCC)
THE ROWE COMPANIES, ET AL. )
 )
    Appellees. )

## **M E M O R A N D U M   O P I N I O N**

This case arises from the appeal of a decision by the United States Bankruptcy Court for the Eastern District of Virginia. The instant matter before the Court is Appellees' motion to dismiss the appeal for mootness and lack of standing. For the following reasons, the Court will grant Appellees' motion.[1]

## I. Background

On September 18, 2006, Rowe Furniture, Inc., The Rowe Companies, and Storehouse, Inc. (collectively, "Appellees" or "Debtor-Appellees") filed voluntary petitions for relief under Chapter 11 of the Bankruptcy Code with the United States Bankruptcy Court for the Eastern District of Virginia, Alexandria

---

[1] Recently, the United States Bankruptcy Court for the Eastern District of Virginia entered an order converting the Rowe Furniture bankruptcy case (1:06cv1465) to Chapter 7. At oral argument, Rowe Furniture's trustee was not present, but the same arguments and issues in its pending motion to dismiss were addressed. In accordance with the Court's ruling as to The Rowe Companies' and Storehouse's motions, this Court also will grant Rowe Furniture's motion.

Division (the "Bankruptcy Court").  At the time of the Petition's filing, Alabama Power Company, Potomac Electric Power Company, Delmarva Power & Light Company, Entergy Louisiana, LLC, and Entergy Gulf States, Inc. (collectively, "Appellants") provided electric service to the Debtor-Appellee's retail locations.

On October 19, 2006, the Bankruptcy Court entered the Final Order Approving Adequate Assurance Procedures and Determining Adequate Assurance of Payment for Future Utility Services (the "Procedure Order").  This Order established the procedures under 11 U.S.C. § 366 regarding requests for adequate assurance of payment to Appellants for future utility services provided to Appellees.  After a hearing, the Bankruptcy Court entered the Final Order Determining Adequate Assurance of Payment for Certain Utilities (the "Assurance Order") on October 24, 2006.  This Order established adequate assurance of payment to Appellants by each of the Appellees, requiring them to post deposits of one month's average utility bill for each of the Appellants.  Appellants appealed both of these orders (together, the "366 Orders") to this Court on the grounds that the Bankruptcy Court's interpretation and application of 11 U.S.C. § 366 was erroneous.

After this appeal was commenced, all three Appellees, The Rowe Companies, Rowe Furniture Inc., and Storehouse Inc., ceased operations at the locations serviced by Appellees, and

utility service to the Appellees was accordingly discontinued. Appellees now move this Court to dismiss this appeal on the grounds of mootness and lack of standing.

## II. Analysis

Under Article III of the United States Constitution, federal courts may adjudicate only actual cases or controversies, rather than advising what the law would be for a hypothetical state of facts. *Deakins v. Monaghan*, 484 U.S. 193, 199 (1988). "It has been long settled that a federal court has no authority to 'give opinions upon moot questions or abstract proposition, or to declare principles or rules of law which cannot affect the matter in issue in the case before it.'" *Church of Scientology of California v. United States*, 506 U.S. 9, 12 (1992)(citing *Mills v. Green*, 159 U.S. 651, 653 (1895)). "If an event occurs while a case is pending on appeal that makes it impossible for the court to grant 'any effectual relief whatever' to a prevailing party, the appeal must be dismissed." *Id*.

The requirements of constitutional mootness are clearly satisfied by the circumstances of this case. The 366 Orders entered by the Bankruptcy Court established the framework for the provision of adequate assurance of payment to utilities as authorized by 11 U.S.C. § 366. Specifically, the 366 Orders prevented Appellants from discontinuing future utility service to certain Appellee locations but also protected Appellants from the

risk of non-payment for services provided in the future. However, while on appeal, operations at these locations ceased. The Appellants discontinued utility service, and there is no risk of non-payment. Thus, the relief granted is no longer necessary to the Appellants, and this Court cannot grant "any effectual relief whatever." *Mills*, 159 U.S. at 653.

Appellants do not dispute that this case falls within these traditional requirements of mootness doctrine. Instead, they argue that an exception applies because the issues presented are "capable of repetition, yet evading review." *See, e.g., Spencer v. Kemma*, 523 U.S. 1 (1998). The United States Supreme Court has stated that:

> The capable-of-repetition doctrine applies only in exceptional circumstances where the following two circumstances are simultaneously present: (1) the challenged action is in its duration too short to be fully litigated prior to cessation or expiration, and (2) there is a reasonable expectation that the same complaining party will be subject to the same action again.

*Spencer*, 523 U.S. at 17(internal citations omitted). The circumstances of the instant appeal fail to satisfy either requirement, and thus, the exception does not appply.

First, as to the duration of the challenged action, while the Debtors-Appellees in this specific case terminated their accounts relatively quickly, Appellants have not shown that future, similarly situated chapter 11 debtors will cease

operations as quickly, if at all.  Chapter 11 of Title 11 of the United States Code is only a reorganization of a company's contractual and debt obligations.  *See* 11 U.S.C. §§ 101-1532.  While this Court is unfamiliar with what percentage of Chapter 11 debtors cease operations (and Appellants have not demonstrated such a figure), many Chapter 11 debtors, if not most, continue to operate indefinitely and sometimes emerge from bankruptcy.  If the Chapter 11 debtor continues operations, any concerns of a duration too short to fully litigate an appeal is obviously eliminated.

      Furthermore, even if a company eventually does cease operations, Appellants have provided no reason for this Court to believe that cessation would *repeatedly* occur so quickly as to evade review.  There is no dispute that the Appellees ceased operations quickly after the appeal commenced, but that is of little moment.  This Court cannot conclude that the majority of future, similarly situated debtors-in-possession will cease operations as quickly as Appellees in this case, and thus, the Court cannot draw the conclusion that the duration of time to fully litigate the challenged action is so brief as to come within the a capable-of-repetition doctrine.  Accordingly, this exception to the mootness doctrine does not apply, and the appeal will be dismissed as moot.

The second requirement to apply the capable-of-repetition exception is that there must be a reasonable expectation that the complaining party will be subject to the same action.  Not unexpectedly, there is considerable disagreement between the parties as to this requirement's application.  Appellants argue that they must demonstrate only that they have a reasonable likelihood of being subject to the same action.  However, Appellees argue that, as stated by the Sixth Circuit, "when the suit involves two private parties, the complaining party must show a reasonable expectation that he would again be subjected to the same action by the *same defendant*."  *Chirco v. Gateway Oaks, LLC*, 384 F.3d 307, 309 (6th Cir. 2004).  The Fourth Circuit has not directly ruled on this issue, and applying the Sixth Circuit's interpretation to this case, the capable-of-repetition exception also fails with respect to the second requirement.  Appellees entirely ceased to operate in any locations that received utility service from Appellants.  Therefore, there is no reasonable expectation that these same parties will be subject to the same action in the future, and the capable-of-repetition exception also fails as to the second requirement.

In sum, there is no actual case of controversy as required by Article III of the United States Constitution.  The Utilities' appeal of the Bankruptcy Court's decision clearly

falls within the mootness doctrine, and the "capable-of-repetition, yet evading review" exception does not apply. Accordingly, this Court could not grant any effectual relief to the prevailing party other than a mere advisory opinion, and must be dismissed.[2]

### III.  Conclusion

For the foregoing reasons, Appellees' motion to dismiss the appeal as moot will be granted.  An appropriate Order will issue.

February 26, 2007                     _____/s/_____
Alexandria, Virginia                           James C. Cacheris
                                      UNITED STATES DISTRICT COURT JUDGE

---

[2] Since this Court finds that this appeal should be dismissed as moot, it does not reach Appellee's motion to dismiss for lack of standing.